IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEBRA ANN EVERETT,<br>individually and on behalf of all<br>others similarly situated, | : | Civil Action File No. |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| v. | : | |
| | : | |
| TECHNOLOGY HOLDINGS NORTH<br>AMERICA INC. | : | |
| | : | |
| Defendant. | • | |

### Preliminary Statement

1.     Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

2

3.    The Plaintiff Debra Ann Everett alleges that Technology Holdings North America Inc. d/b/a Vama ("Vama") made telemarketing calls to Ms. Everett and other putative class members despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

4.    Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.    A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6.    Plaintiff Debra Ann Everett is an individual residing in this District who was in this District when she received the calls at issue.

7.    Defendant Technology Holdings North America Inc. d/b/a Vama is a corporation that makes telemarketing calls into this District.

## Jurisdiction & Venue

8.      The Court has federal question subject matter jurisdiction over these

TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.      The Court has personal jurisdiction over Defendant because they sent

telemarketing calls into this District.

10.     Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue

were made from this District.

## TCPA Background

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth

of the telemarketing industry.  In so doing, Congress recognized that

"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991)

(codified at 47 U.S.C. § 227).

12.     The National Do Not Call Registry (the "Registry") allows consumers

to register their telephone numbers and thereby indicate their desire not to receive

telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by

the database administrator." *Id.*

14.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15.    Vama offers investing services.

16.    To generate leads, Vama makes telemarketing calls to consumers who have never had a relationship with Vama.

17.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18.    Plaintiff's telephone number (the "Number"), (XXX)-458-XXXX, is on the National Do Not Call Registry after the Plaintiff put it on the registry on June 14, 2024.

19.    The Plaintiff's number is used for residential purposes.

20.    It is used for personal non-business calls only.

21.    Despite this, the Defendant made multiple telemarketing calls to the Plaintiff, including on July 22, 23, 24, 25, 26 and 27, 2024.

22.    Pictures of some of those text messages are below:

← 61893    📞  ⋮

43% of people use a mobile payment app to pay a friend/ family member back. Payments + messaging = the future. Learn more: bit.ly/InvestVama txt stop 2 stop



Vama - Investme... ↓ .vitation

⊕  🖼  Text me...  ☺  〰

← 61893                    📞  ⋮

Imagine a messaging platform that can do cross-border payments instantly. That's what Vama is building! Learn more: bit.ly/JoinVama txt stop 2 stop



⊕ 🖼 **Text me...** ☺ ��118

←  61893    📞  ⋮

12:24 AM

Texting with 61893 (SMS/MMS)

———————————— Unread ————————————

There's a UNIQUE way for non-Silicon Valley investors to invest in fintech startups. Register to learn how to get started: bit.ly/JoinVama txt stop 2 stop

Vama - Free Live Webinar
join.vama.com

12:24 AM

     Text message     

8

← 61893      📞   ⋮

EY: PayTech's future belongs to those who can offer "value beyond payments." Vama is doing it w/ messaging + payments. Learn: bit.ly/JoinVama txt stop 2 stop



⊕   🖼   **Text me...**   ☺   ⑊

← 61893                                  ⋮

SPECIAL: Want a
private meeting
with our team to
learn 4+ secrets
of Silicon Valley
insiders on
investing in
startups? Book:
bit.ly/InvestVama
txt stop 2 stop

⊕    🖻    Text ...    ☺    ⩇⩇



───────────── Unread ─────────────
7:41 PM

(LIVE in 20min) The Silicon Valley method of investing in top tech startups will be REVEALED during our presentation. Register: bit.ly/JoinVama txt stop 2 stop



**Vama - Free Live Webinar**

join.vama.com

7:41 PM



Text mess...   ☺   ⑈

11

23.    The text messages were sent to get consumers to join Vama, which is a service that allows individuals to communicate with each other and send money to others or link their account to their bank.

24.    Plaintiff's privacy has been violated by the above-described telemarketing calls.

25.    The Plaintiff never provided her consent to receive these calls.

26.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

### Class Action Allegations

27.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

28.    The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of the Defendant, but not assigned to an individual that the Defendant had received an inquiry from or had

12

their written permission to contact (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

29.    Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

30.    The Class as defined above are identifiable through phone records and phone number databases.

31.    The potential members of the Class number at least in the thousands.

32.    Individual joinder of these persons is impracticable.

33.    The Plaintiff is a member of the Class.

34.    There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

13

35.    Plaintiff's claims are typical of the claims of members of the Class.

36.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

38.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

39.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

14

40.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

41.     The Defendant's violations were negligent, willful, or knowing.

42.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

43.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

15

A.    Certification of the proposed Class;

B.    Appointment of Plaintiff as a representative of the Class;

C.    Appointment of the undersigned counsel as counsel for the Class;

D.    A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F.    An award to Plaintiff and the Class of damages, as allowed by law; and

G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

16

Dated: October 7, 2024

PLAINTIFF, individually and
on behalf of others similarly situated,

By:

*/s/ Steven H. Koval*
Steven H. Koval
Georgia Bar No. 428905
THE KOVAL FIRM, LLC
3575 Piedmont Road
Building 15, Suite 120
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
Steve@KovalFirm.com

Anthony I. Paronich (*subject to pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com